UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGG HOOPER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 24-cv-00612-CDL |
| | ) |
| AMERICAN STRATEGIC | ) |
| INSURANCE CORPORATION d/b/a | ) |
| PROGRESSIVE INSURANCE, et al. | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Remand (Doc. 21). By consent of the parties, the undersigned has the authority to conduct all proceedings and order the entry of a final judgment in this action in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. For the reasons set forth herein, the Motion to Remand is **granted**.

I. **Background Facts and Procedural History**

Plaintiff, a citizen of Oklahoma, filed the petition in this action in Delaware County District Court. (Doc. 2-2). According to the petition, Plaintiff's property in Grove, Oklahoma, was covered by an insurance policy issued by Defendant American Strategic Insurance Corporation ("ASIC").[1] The property sustained wind damage to the primary

---

[1] Plaintiff's Petition names the insurance defendant as "American Strategic Insurance Corporation d/b/a Progressive Casualty Insurance Company." Defendants assert that that name is incorrect and instead identify the correct party is American Strategic Insurance Corporation, shortened to "ASIC" or "ASI." (*See* Doc. 17 at 1; Doc. 20 at 1). For the

house, a guest house, and a boat dock. *Id*. ¶¶ 9-10. During its investigation of the claim, ASIC retained Defendant Rimkus Consulting Group ("Rimkus") and its employee, Timothy France, "to act as its agents in processing Plaintiff's claim and in an effort to justify denying Plaintiff's claim." *Id*. ¶ 17. ASIC denied Plaintiff's claim, concluding that certain damage was not covered by the applicable insurance policy, and that the value of covered damage was below the applicable deductible. *Id*. ¶ 19.

Plaintiff asserts claims for breach of contract and bad faith against ASIC and a claim for tortious interference with contract against Rimkus and France. Plaintiff alleges that France, "acting as an agent of both Rimkus and [ASIC], performed a perfunctory and wholly lacking 'inspection' of Plaintiff's loss" and reported inaccurately that the dock was either not damaged or that the damage was not caused by a covered peril. *Id*. ¶ 18. Plaintiff asserts further that Rimkus and France "personally gained by financial incentive to further their own separate agenda of participating in the denial of legitimate insurance claims to ingratiate themselves to [ASIC]." *Id*. ¶ 34. Additionally, Plaintiff alleges that all defendants are liable for conspiring to wrongfully deny Plaintiff's insurance claim. *Id*. ¶ 39.

Defendant Rimkus, with the consent of co-Defendants France and ASIC, timely removed the case to federal district court, asserting that the Court has diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a). (Doc. 2 at 1-2, 17). Although France—

---

purpose of this Opinion and Order, the Court uses "ASIC" as shorthand for the insurance defendant, consistent with that party's Answer filed in this case. (Doc. 17).

like Plaintiff—is a citizen of Oklahoma, Rimkus asserted in its Notice of Removal that "there is complete diversity of citizenship between the Parties because Rimkus and France were fraudulently joined, leaving only Plaintiff and [ASIC], who are completely diverse." *Id*. at 23.[2]

Plaintiff filed the instant Motion to Remand, arguing that removal is improper and the Court lacks subject-matter jurisdiction. Defendants France and Rimkus filed a joint response opposing the Motion to Remand (Doc. 25), and Plaintiff filed a reply brief (Doc. 26). The Court has considered the parties' submissions on the Motion to Remand and exhibits submitted therewith. In addition, the parties have briefed a motion to dismiss filed by Defendants France and Rimkus (Doc. 9) and a motion to compel filed by Plaintiff (Doc. 29), which the Court has also considered to the extent relevant to the Motion to Remand.[3]

---

[2] ASIC is incorporated in Indiana and has its principal place of business in Florida. (Doc. 17 at 1; Doc. 18). Rimkus failed to file a Disclosure Statement as directed by the Court Clerk (Doc. 6) and required under applicable federal and local rules. *See* Fed. R. Civ. P. 7.1; LCvR 7.1. In its Notice of Removal, Rimkus states that it is a Texas corporation with its principal place of business in Texas. (Doc. 2 at 3).

[3] Where, as here, removal is based on a specific allegation of fraudulent joinder, "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted).

## II.     Legal Standards

"A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citing 28 U.S.C. § 1441(a)). The Notice of Removal here invokes 28 U.S.C. 1332(a) as the grounds for subject-matter jurisdiction. That statute provides that district courts shall have original jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs.[4] Section 1332 requires complete diversity of citizenship; no plaintiff can be a citizen of the same state as any defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

After removal, "[i]f at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). However, a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013); *see also Middleton*

---

[4]     The amount in controversy component of diversity jurisdiction is not at issue, as Plaintiff's Petition demands actual damages in excess of the $75,000 amount in controversy.

4

*v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence.").

### III.     Discussion[5]

To establish fraudulent joinder, "the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988. Defendants assert that France was fraudulently joined under the second prong, arguing that Plaintiff cannot establish a cause of action against him.[6] Defendants assert two arguments: First, they argue that Oklahoma law bars a plaintiff from asserting any tort claim against a third party retained by the plaintiff's insurer for acts or omissions in the course of assisting the insurer in claims handling. Second, Defendants assert that Plaintiff's state-court petition fails to state viable claims against France.

---

[5]     Plaintiff's Motion to Remand argues primarily that removal is improper because the parties are not diverse under 28 U.S.C. § 1332, and the analysis herein is focused on that issue. However, Plaintiff also notes that removal violates the forum defendant rule due to France's Oklahoma citizenship. *See* Doc. 21 at 7; *see also* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332 (a) of [Title 28] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

[6]     The moving Defendants also assert that Rimkus was fraudulently joined. However, the joinder of Rimkus has no bearing on the fraudulent joinder issue, since Rimkus does not claim to be a citizen of Oklahoma. *See supra* note 1. For the purpose of the Motion to Remand, the Court disregards the argument that Rimkus is fraudulently joined.

To demonstrate a plaintiff's 'inability . . . to establish a cause of action against the non-diverse party in state court,' the party asserting federal jurisdiction must show that the plaintiff would have no possibility of recovery against the defendant." *Mayes Cnty. FOP Lodge No. 116, Inc. v. Farmers Ins. Exch.*, No. 19-CV-687-JED-FHM, 2020 WL 6136236, at *3 (N.D. Okla. Oct. 19, 2020); *see also Dodd*, 329 F.2d at 85; *Floyd v. B.P. p.l.c.*, Case No. 21-CV-132-GKF-CDL, 2021 WL 6064037, at *2 (N.D. Okla. Dec. 22, 2021); *cf. Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (internal citations and quotations omitted) (in evaluating fraudulent joinder claims, courts "must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant. A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law.").[7] Any uncertainty regarding the viability of the claims asserted against the nondiverse party—including "disputed questions of fact" and "ambiguities in the controlling law"—must be resolved in favor of remand. *Montano v. Allstate Indem.* No. 99-2225, 2000 WL 525592, at *2 (10th Cir. Apr. 14, 2000) (internal quotation marks omitted); *accord Dutcher*, 733 F.3d at 988.

---

[7] Under 10th Cir. R. 32.1(A), "[u]npublished decisions are not precedential, but may be cited for their persuasive value."

A.   **Immunity Under *Trinity Baptist***

Defendants contend the Oklahoma Supreme Court's holding in *Trinity Baptist Church v. Brotherhood. Mut. Ins. Servs.*, LLC, 341 P.3d 75, 79 (Okla. 2014) immunizes France from the claims asserted in the petition. In *Trinity Baptist*, the court adopted the view of a majority of states that an independent insurance adjuster hired by an insurer does not owe a duty of care to the insured. 341 P.3d at 84-85. The Supreme Court explained,

> [e]ven if harm to the insured through an adjuster's negligence might be foreseeable to the adjuster, from a policy standpoint it makes little sense to hold that the adjuster has an independent duty when the insurer itself is subject to liability for the adjuster's mishandling of claims in actions alleging breach of contract and bad faith. . . . The existence of a separate legal duty on the part of the adjuster in these circumstances would allow for potential double recovery, permitting the insured to recover in tort both for breach of contract or breach of the duty of good faith and fair dealing by the insurer—caused by an adjuster[']s negligent conduct—and from the adjuster the same conduct.

*Id*. at 86. Thus, the court concluded that under Oklahoma law, a policy holder cannot sue his insurer's independent agent for bad faith or negligence during the claims process. *Id*.

Here, Plaintiff's state-court petition asserts two claims against France: tortious interference with contract and civil conspiracy. It does not assert negligence or bad faith claims, as were at issue in *Trinity Baptist*. Thus, the first issue is whether *Trinity Baptist* bars the type of claims Plaintiff asserts against France.

Defendants argue the court should construe *Trinity Baptist* and its progeny broadly to bar any claim against an adjuster arising from its conduct in the evaluation of a claim.

7

However, in *Johnson*, another judge in this District rejected a similar argument. *See Johnson v. State Farm Fire & Cas. Co.*, No. 19-CV-250-JED-FHM, 2019 WL 5388521, at *4 (N.D. Okla. Oct. 22, 2019). There, the plaintiffs alleged an independent adjuster repeatedly accused them of lying and belittled and berated them "throughout the claims process." *Id*. at *3. The defendant insurer argued that the plaintiffs' claim for intentional infliction of emotional distress (IIED) was barred as a matter of law under *Trinity Baptist*. The district court disagreed that *Trinity Baptist* stands for the proposition that any wrongful conduct arising from the adjustment process "is attributable to the insurer as opposed to the adjuster." 2019 WL 5388521, at *4. The court explained, "[i]t seems unlikely that the Oklahoma Supreme Court intended such a sweeping grant of immunity, as it would give adjusters free rein to engage in underhanded tactics during the adjustment process." *Id*.

By the same reasoning, the Court here cannot say that Plaintiff's claim for intentional interference with contract is barred as a matter of law. Defendants argue that the same policy concerns cited by the court in *Trinity Baptist* are present here: namely, that allowing a cause of action to proceed against professionals retained by an insurance company to aid in the investigation of a claim that is eventually contested would create unnecessary conflicts of interest, redundancy, and create the possibility of a double recovery for the same injury by the insured. (Doc. 25 at 12). However, the policy question is not before the Court here. Moreover, the Oklahoma Court of Civil Appeals held that "*Trinity* . . . do[es] not provide blanket immunity for all acts committed by an adjuster or third-party professional retained by an insurer to investigate a claim." *Henderson v. Day*

8

*Eng'g Consultants*, 560 P.3d 684, 688 (Okla. Civ. App. Oct. 9, 2024). For example, "the limited immunity provided in *Trinity* . . . does not protect a professional for acts taken unrelated to the claim." *Id*. (citing *Johnson*, 2019 WL 5388521, at *4).

As explained in *Johnson*, even if the Court were to agree that Oklahoma policy weighs against an intentional tort claim against an adjuster, Defendants would fall short of the standard to prove fraudulent joinder. *See Johnson*, 2019 WL 5388521, at *3 ("It is one thing to assert that a state's public policy precludes the cause of action; it is another to assert that the policy merely weighs against it. The former says, "recovery is impossible"; the latter says, "recovery is unlikely." And a party is not fraudulently joined when recovery is merely unlikely.").[8] Defendants point to no authority indicating that recovery on their tortious interference claim is impossible under the facts alleged here. Thus here, as in *Johnson*, Defendant's immunity argument "never gets out of the starting blocks." *Id*. at *3.

Defendants note that *Trinity Baptist* has been applied to bar certain claims over third-party defendants involved in claim investigation. (*See* Doc. 25 at 6-9) (citing *Hightower v. USAA Cas. Ins. Co.*, 16-CV-274-JED-FHM, 2017 WL 1347689, at *1 (N.D. Okla. Apr. 7, 2017); *Jonnada v. Liberty Ins. Corp.*, No. CIV-19-456-D, 2019 WL 6119233, at *3 (W.D. Okla. Nov. 18, 2019); *Faith Temple, Inc. v. Church Mut. Ins. Co.*, CIV-20-13-G, 2020 WL 4274582, at *1 (W.D. Okla. July 24, 2020)). However, the application of

---

[8] The analysis here is limited to Plaintiff's tortious interference allegations, because a civil conspiracy claim "is not an independent, actionable claim; there must be an underlying tortious act." *Transp. Alliance Bank, Inc. v. Arrow Trucking Co.*, No. 10-CV-16-GKF-PJC, 2011 WL 221863, at *6 (N.D. Okla. Jan. 21, 2011).

*Trinity Baptist* in each of those cases was limited to claims of negligence, bad faith, and/or breach of contract in the evaluation of an insurance claim. The possibility that "Oklahoma courts might someday extend *Trinity Baptist*" to bar intentional tort claims against a third-party adjuster is not a sufficient basis to find fraudulent joinder. *Johnson*, 2019 WL 5388521, at *4 (citing *Montano,* 2000 WL 525592, at *1, 2000 U.S. App. LEXIS 6852, at *5 (noting that, where fraudulent joinder is alleged, the federal court "must initially resolve . . . all ambiguities in the controlling law in favor of the non-removing party")); *see also Farrow v. State Farm Fire & Cas. Co.*, No. CIV-21-0351-G, 2023 WL 2733400, at *4 (W.D. Okla. March 31, 2023) ("[I]n the absence of controlling Oklahoma state law extending the *Trinity Baptist* holding to tort claims generally, or fraud claims specifically, the Court rejects the proposition that *Trinity Baptist* renders nonviable Plaintiffs' claims for fraud and conspiracy to commit fraud . . . .").[9] Accordingly, Defendants have not met their burden to show that it is legally impossible for an insured to recover for tortious interference against an independent adjuster.

  **B.**  **Adequacy of Plaintiff's Allegations for Purposes of Considering Defendants' Fraudulent Joinder Argument**

Defendants argue that, even if Plaintiff can proceed on a tortious interference claim, Plaintiff's petition does not assert a viable claim for tortious interference against France.

---

[9] By the same token, Defendants' argument that a majority of courts have found a tortious interference claim is not available against an independent adjuster is unavailing. (*See* Doc. 25 at 18-20).

"To establish a claim for tortious or malicious interference with a business relationship, [Plaintiff] must allege the following elements: "1) interference with a business or contractual right; 2) malicious and wrongful interference that is neither justified, privileged, nor excusable; and 3) damages proximately sustained as a result of the interference." *Traditions Health, LLC v. Huffman*, No. 24-CV-0163-CVE-MTS, 2024 WL 5078110, at *10 (N.D. Okla. Dec. 11, 2024) (citing *Tuffy's Inc. v. City of Okla. City*, 212 P.3d 1158, 1165 (Okla. 2009).

Here, Plaintiff alleges that France and Rimkus "had an agreement to inspect Plaintiff's Property pursuant to the Policy, and to opine with regard to whether or [sic] any damage observed was caused by a covered peril." (Doc. 2-2 ¶ 33). France "performed a perfunctory and wholly lacking 'inspection' of the loss" and knowingly reported that the dock was either not damaged or that the damage was not caused by a covered peril." *Id*. ¶ 18. He alleges France knew or should have known that this report was false, and that the Defendants' conduct "was intentional, improper, and unfair." *Id*. ¶¶ 18, 35. Plaintiff alleges that ASIC denied his claim based, in part, on an incorrect finding that docks were "specifically excluded by the policy," *id*. ¶ 19, and that "as a direct result of Defendants' interference," Plaintiff incurred damages, *id.* ¶ 36.

The Court need not determine whether Plaintiff's allegations state a plausible claim against France under the *Twombly* standard applicable to a Rule 12(b)(6) defense. *See Johnson*, 2019 WL 5388521, at *3 (citing *Dutcher*, 733 F.3d at 988) ("The question presented by an allegation of fraudulent joinder is not whether a pleading would survive

11

dismissal in federal court; it is whether the plaintiff can establish a cause of action *in state court*."). In Oklahoma courts, a petition may not be dismissed for failure to state a claim "unless the allegations show beyond any doubt that the litigant can prove no set of facts that would entitle him to relief." *Id.*, 2019 WL 5388521, at *5 (quoting *Indiana Nat'l Bank v. State Dep't of Hum. Servs.*, 880 P.2d 371, 375-76 (Okla. 1994)). Moreover, the fact that a plaintiff would "have to amass significant evidence" in order to succeed on its claim does not prove fraudulent joinder. *Id*.

Here, for the purpose of determining fraudulent joinder, Plaintiff's allegations are enough that the Court cannot say Plaintiff would have "no possibility of recovery in state court." *Johnson*, 2019 WL 5388521, at *3 (citing *Montano*, 2000 WL 525592, at *4). Defendants argue that Plaintiff's allegations are incompatible with a claim for tortious interference because the Petition alleges ASIC, Rimkus, and France conspired with the common objective to wrongfully deny Plaintiff's insurance claim—thus, any wrongful conduct by Rimkus and France did not induce ASIC to deny coverage. (*See* Doc. 25 at 19-20). However, Plaintiff describes his claims as alternative theories of liability, which the applicable pleading rules permit. Fed. R. Civ. P. 8(d)(2); *Okla. Stat.* tit. 12, § 2008(E)(2). Further, as noted above, to survive dismissal on fraudulent joinder grounds, a claim need not be pleaded to the *Twombly* plausibility standard but need only be a possible avenue of relief against the non-diverse defendant, given the facts alleged. *See Mayes Cnty. FOP*, 2020 WL 6136236, at *3. As explained above, that standard is satisfied here.

## IV. Conclusion

The Court finds that Plaintiff's claim for tortious interference with contract is not clearly barred under current Oklahoma law, and Defendants Rimkus and France have not met their burden to show Plaintiff has no possibility of recovery based on the Complaint's allegations. Accordingly, Defendants have not met their burden to show France was fraudulently joined. As such, the parties are not completely diverse, and the Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332.

Based on the above analysis, the Motion to Remand (Doc. 21) is **granted**, and this case is **remanded** to the District Court of Delaware County, Oklahoma, Case No. 2024-165. The Motion to Dismiss filed by Defendants Rimkus and France (Doc. 9) and Plaintiff's Motion to Compel Defendant Rimkus Consulting Group, Inc. (Doc. 29) remain pending for determination in Delaware County District Court.

IT IS SO ORDERED this 17th day of April, 2025.

_Christine D. Little_
Christine D. Little
United States Magistrate Judge